United States District Court
Southern District of Texas
**ENTERED**
June 22, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DOUGLAS T. WATKINS, § § Plaintiff, § § v. § § KLEIN INDEPENDENT SCHOOL § DISTRICT, et al., § § Defendants. § | Civil Action No. H-16-3223 |

## MEMORANDUM AND RECOMMENDATION

Pending before the court are Defendants' Motion to Dismiss (Doc. 7), Plaintiff's Motion for Continuance in Suit (Doc. 15), and Plaintiff's Motion to Grant Relief (Doc. 18). It is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and that Plaintiff's Motion to Grant Relief be **DENIED**. Plaintiff's Motion for Continuance in Suit is **DENIED**.

### I.  Case Background

Plaintiff, proceeding pro se, filed this employment discrimination action and a motion to proceed in forma pauperis on October 27, 2016.[1] Instead of filing a complaint, Plaintiff filed the right-to-sue letter from the Equal Employment Opportunity Commission, which was dated July 29, 2016.[2] That letter advised Plaintiff of his right to sue but contained no information about

---

[1] See Doc. 1, Dism. & Not. of Rights Ltr.

[2] Id.

the substance of his discrimination complaint.[3]  On November 2, 2016, Plaintiff was sent a notice from the court that advised him that his application for leave to proceed as a pauper was granted and, if he had not filed a complaint, "you may file it now under the civil action number referenced above."[4]

On January 27, 2017, Plaintiff refiled the right-to-sue letter which he interlined "Amended," and named seven individuals in the margin as defendants.[5]  A few minutes later, Plaintiff refiled the right-to-sue letter and added an additional defendant.[6]

On January 30, 2017, Plaintiff filed a complaint, using the Employment Discrimination Complaint form provided by the Clerk for use by pro se litigants.[7]  This complaint alleged that Plaintiff was a victim of race discrimination arising out of his termination, his failure to obtain promotions and the false accusations that formed the basis of his termination.[8]  The complaint alleged that Plaintiff received the right-to-sue letter on August 6, 2016.[9]

On February 13, 2017, certified mail receipts were filed with the Clerk purporting to show service of process on the individual defendants however, none were signed by the individuals

---

[3] Id.

[4] See Doc. 2, Notice of Case Filing p. 1.

[5] See Doc. 4, Am. Dism. & Not. of Rights Ltr.

[6] See Doc. 5, 2nd Am. Dism. & Not. of Rights Ltr.

[7] See Doc. 6, Pl.'s Compl.

[8] Id. p. 3.

[9] Id. p. 2.

acknowledging service.[10] The docket sheet does not reflect that Plaintiff attempted to serve Klein Independent School District ("Klein ISD") with service of process.

On February 15, 2017, Klein ISD and the individual defendants filed the pending motion to dismiss, arguing that Plaintiff failed to commence this lawsuit within ninety days of receiving his right-to-sue letter and failed to sue the proper defendant under Title VII of the Civil Rights Act of 1964.[11]

On May 19, 2017, Plaintiff filed a motion for continuance in which he asked the court not to dismiss his lawsuit.[12] On May 30, 2017, Plaintiff filed a motion to grant relief.[13] In the latter motion, Plaintiff complained that Defendants fraudulently represented to the court that they were uncertain if Plaintiff had received their motion to dismiss.[14] Plaintiff sought $26,000,000 in damages for the misrepresentation.[15] On June 1, 2017, Defendants responded to Plaintiff's motions.[16]

## II. Discussion

Defendant's motion to dismiss raises two grounds for

---

[10] See Doc. 9, Cert. Mail Receipts.

[11] 42 U.S.C. §§ 2000e-2000e-17.

[12] See Doc. 15, Pl.'s Mot. for Continuance.

[13] See Doc. 18, Pl.'s Mot. to Grant Relief.

[14] Id.

[15] See Doc. 18, Pl.'s Mot. to Grant Relief p. 1.

[16] See Doc. 19, Defs.' Resp. to Pl.'s Mot. for Continuance; Doc. 20, Defs.' Resp. to Pl.'s Mot. to Grant Relief.

dismissal: (1) Plaintiff's failure to timely file this lawsuit; and (2) Plaintiff's failure to name the appropriate defendant. In response, Plaintiff requests that the court refuse to dismiss his suit and also demands damages based on Defendants' filing of the motion to dismiss.

**A.　Exhaustion of Administrative Remedies**

A plaintiff alleging employment discrimination must exhaust administrative remedies before pursuing his claim in federal court. Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002). Under Title VII, a plaintiff has ninety days to file a civil action after receipt of a right-to-sue letter from the EEOC. Id. at 379 (citing Nilsen v. City of Moss Point, Miss., 674 F.2d 379, 381 (5th Cir. 1982)). "Although filing an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court." Id. Plaintiff received the right-to-sue letter on August 6, 2016, therefore his ninety day period expired on November 4, 2016.

Defendants argue that Plaintiff's filing of the right-to-sue letter within the ninety-day period was insufficient to initiate a lawsuit and, by the time he filed a complaint on January 30, 2017, the ninety-day period had expired. The court agrees.

In Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984), the plaintiff, proceeding pro se, filed the right-to-sue letter within ninety days of her receipt of the letter. Id. at 148. While still inside the ninety-day window, the plaintiff was

instructed by the court that she must file a complaint within ninety days of receipt of the right-to-sue letter. Id. The plaintiff eventually filed a complaint approximately five weeks after the expiration of the ninety days. Id.

The district court dismissed the complaint as untimely and noted that the right-to-sue letter did not qualify as a complaint because it did not include a factual basis for the claim of discrimination. Id. at 148-49. The appellate court reversed, holding that the remedial nature of Title VII required a finding that the filing of the right-to-sue letter tolled the ninety-day filing period. Id. The Supreme Court reversed. Id. at 149. In doing so, the Court stated that there was no satisfactory basis for giving Title VII cases a "special status under the Rules of Civil Procedure" and that no facts in that case justified an equitable tolling of the deadline. Id. at 150.

Following Brown, the Fifth Circuit addressed a similar issue in Antoine v. U.S. Postal Service, 781 F.2d 433 (5th Cir. 1986). There, the plaintiff filed, within the right-to-sue period, a financial affidavit supporting her claim to in-forma-pauperis status, a request for appointment of counsel, the right-to-sue letter, the investigation form and the final agency decision issued by the Postal Service. Id. at 435. The court appointed an attorney one week before the right-to-sue deadline expired. Id. That attorney did not file a complaint until approximately seven weeks after the right-to-sue period had expired. Id.

The district court initially determined that the formal complaint related back to the filing of the right-to-sue letter and the other documents seeking appointment of counsel. Id. However, after the Brown decision, the court reconsidered its decision and concluded that the right-to-sue letter did not meet the requirements of Federal Rules of Civil Procedure 3 and 8 and dismissed the suit as untimely. Id. at 436.

On appeal, the Fifth Circuit affirmed the dismissal, finding that "the central thrust of the Supreme Court's decision in Brown is that the filings, whatever their composition, must meet the requirements of Rules 3 and 8." Id. at 438. This holding dooms Plaintiff's attempt to initiate a lawsuit because the right-to-sue letter failed to comply with the most basic requirement of a complaint: a statement of facts that would support a claim for relief.

In light of the applicable case law, the court **RECOMMENDS** that Defendants' motion to dismiss for failure to timely file a complaint of discrimination be **GRANTED**. Because the court recommends that Defendants' motion be granted on this ground, it need not reach Defendants' alternative argument that Plaintiff sued the wrong parties.

B. **Plaintiff's Motions**

In Plaintiff's Motion for Continuance in Suit, Plaintiff requests that the court not dismiss his action and recounts his history of filing grievances and complaints against Klein ISD. He

also accuses Defendants of character assassination and complains that his prior lawsuit was dismissed by his attorney without permission. Plaintiff's motion for continuance is **DENIED**.

In Plaintiff's Motion to Grant Relief, Plaintiff again urges the court not to dismiss his lawsuit and seeks damages in the amount of $26,000,000 for Defendants' attempt to dismiss his lawsuit. Construing Plaintiff's motion as one for judgment on the pleadings, the court finds that Plaintiff has failed to support his claim for damages with undisputed facts and relevant case law. It is **RECOMMENDED** that Plaintiff's Motion to Grant Relief be **DENIED**.

The Clerk shall send copies of this Report and Recommendation to the respective parties who have fourteen (14) days from the receipt thereof to file written objections thereto pursuant to General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas, 77208. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

SIGNED at Houston, Texas, this 22nd day of June, 2017.

_____
U.S. MAGISTRATE JUDGE