UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOUGLAS T. WATKINS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-3223 |
| | § | |
| KLEIN ISD, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff Douglas T. Watkins's motion to amend the judgment. Dkt. 26.  After considering the motion, related documents in the record, and the applicable law, the court is of the opinion that the motion to amend should be DENIED.

## I. BACKGROUND

On June 22, 2017, Magistrate Judge Nancy K. Johnson filed a memorandum and recommendation ("M&R") recommending that the court grant the defendants' motion to dismiss (Dkt. 7), deny Watkins's motion to grant relief (Dkt. 18), and deny Watkins's motion for continuance (Dkt. 15).  *Id.*  The M&R advised that any party wishing to object to the M&R must do so by July 6, 2017.  *Id.*  On June 23, 2017, Watkins filed a letter asserting that he did not receive two pieces of correspondence from the defendants, but acknowledged that he received a copy of defendants' motion to dismiss (Dkt. 7) by certified mail return receipt requested.  Dkt. 23; *see* Dkt. 12 (notice of service).  On July 6, 2017, the court adopted the M&R in full and issued a final judgment in favor of defendants.  Dkts. 25, 26.  As explained in the court's order, the court construed Watkins's June 23, 2017 letter as objections to the M&R.  Dkt. 24.

On July 6, 2017, after the final judgment was issued, Watkins filed a letter labeled "OBJECTIONS to [22] Memorandum and Recommendations." Dkt. 26. While not entirely clear, Watkins objects to the judgment rendered, the Magistrate Judge presiding over the case, and several docket entries on the court's electronic filing system as either mislabeled or falsified. Dkt. 26. Because a final judgment has been rendered, the court construes Watkins' July 6, 2017 letter as a motion to amend the judgment. The Fifth Circuit has held that "[t]he relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label." *Edwards v. City of Hous.*, 78 F.3d 983, 995 (5th Cir. 1996) (citing *Bros Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594, 606 (5th Cir.1963)).

## II. LEGAL STANDARD

Motions that challenge a prior judgment on the merits are treated as either a Rule 59(e) or Rule 60(b) motion. *Id.* "If the motion is served within [28] days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994); *see also Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994). Here, the motion was filed within 28 days, so the court considers it pursuant to Rule 59(e). A "motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

2

### III. ANALYSIS

Watkins objects to the judgment and raises two primary arguments: (1) that he declined to give consent to have this case proceed before a Magistrate Judge, and (2) that there were several clerical errors with docket entries on the court's electronic filing. Dkt. 26. The court will address each in turn.

First, Watkins argues that he did not provide consent to proceed before a Magistrate Judge. Dkt. 26 (citing Dkts. 11, 16). On February 21, 2017, the court referred this case to Magistrate Judge Nancy K. Johnson pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), which allows a district court judge to "designate a magistrate judge to hear and determine any *pretrial* matter pending before the court," except for a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(A) (emphasis added). The parties were also ordered to advise the court within 20 days whether they would consent to the magistrate's jurisdiction under 28 U.S.C. § 636(c), which covers "all proceedings in a jury or non-jury civil matter and [] the entry of judgment in the case." 28 U.S.C. § 636(c)(1).

On March 8, 2017, Watkins filed timely notice that he declined consent to proceed before a magistrate judge. Dkt. 11. Watkins's lack of consent, however, pertains only to proceedings in a jury or non-jury trial. *See* 28 U.S.C. § 636(c). A district court may still refer cases to a magistrate judge for all pretrial matters, as was the case here. 28 U.S.C. § 636(b)(1)(A) and (B). The defendants' motion to dismiss (Dkt.7) is a pretrial matter, and the magistrate judge had proper jurisdiction to hear the motion and issue the M&R. Finding no manifest error of law, the court DENIES Watkins's motion to amend the judgment.

Second, Watkins raises several objections that docket entries on the court's electronic filing system showed incorrect titles or dates of when documents were actually delivered to the clerk's office. Dkt. 26. For example, Watkins alleges there was an "unlawful act of falsifying . . . Court

Documents." Dkt. 26 at 2.  On October 27, 2016, Watkins filed a Dismissal and Notice of Rights letter from the U.S. Equal Employment Opportunity Commission ("EEOC letter").  Dkt. 1.  The document was labeled "Complaint" on the court's electronic filing system.  *See* Dkt. 26, Ex. C.  As described in detail in the M&R (Dkt. 22), the EEOC letter is only a notice of the plaintiff's right to sue, but does not by itself initiate a lawsuit.  *Id.*  On January 30, 2017, Watkins filed a complaint using the Employment Discrimination Complaint form provided by the Clerk for use by *pro se* litigants.  Dkt. 6.  The docket entries now read "Dismissal and Notice of Complaint" under docket entry number 1 and "Complaint" under docket entry number 6.  *Compare* Dkt. 26, Exs. A, C *with* Dkts. 1, 6.

To the extent that Watkins argues that these errors played into the court's analysis to dismiss the case, the court cannot consider evidence outside of the complaint when considering a motion to dismiss.  *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) ("This court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts.").  All of Watkins's allegations and arguments are outside the face of the complaint and were not considered in the court's final judgment.  *Id.*  Furthermore, the court finds that any errors in labeling docket entries are harmless errors and did not affect the disposition of the case.  Fed. Civ. Pro. 61 ("[T]he court must disregard all errors and defects that do not affect a party's substantial rights.").

Even if the court were to construe Watkins's July 6, 2017 letter as objections to the M&R, the court is unpersuaded that the objections would alter the final judgment.  For dispositive matters, the court "determine(s) de novo any part of the magistrate judge's disposition that has been properly objected to."  *See* Fed. R. Civ. P. 72(b)(3).  Watkins' objections pertain to events outside of the pleadings and thus did not affect the disposition of the case.  *See Spivey*, 197 F.3d at 774.  Having

4

found no manifest error of law or fact, Watkins's motion to amend the judgment (Dkt. 26) is DENIED.

### V. CONCLUSION

Watkins's motion to amend the judgment is (Dkt. 26) DENIED.

Signed at Houston, Texas on July 14, 2017.

_____
Gray H. Miller
United States District Judge